to avoid a reversal because of the lack of an order of sale and because the decree made the sum due Rhodes Brothers subject to the lien of the mortgage to the bank, he offers to pay into court here said sum found due Rhodes Brothers and interest thereon. His offer is defective in this: He treats the decree as having established a lien in favor of Rhodes Brothers for $43.50, and that is the sum he offers to pay with interest, instead of $47.85, the actual decree. This opinion will be lodged with the clerk and the solicitor for Humphrey notified thereof, and if he pays into this court within seven days $50.50, for the benefit of Rhodes Brothers, being the amount of said decree and interest, and files the receipt of the Circuit clerk, showing that he has paid to that officer the $7.40 costs ordered taxed against Humphrey, we shall then have no occasion to pass upon the question of priority as between Rhodes Brothers and the mortgage, and shall have no occasion to determine any constitutional question, because no such question has been decided against Humphrey, except that involved in the allowance of a small sum to Rhodes Brothers, which he concedes to be correct by offering to pay the same; and in that case, the motion to transfer the cause will be denied and the decree affirmed.

The solicitor for Humphrey having complied with the foregoing requirements, after notice by the clerk, the motion to transfer the cause is denied, and the decree is affirmed.

*Affirmed.*

---

**Daniel Donovan, Appellee, v. John Ingoldsby, Appellant.**

**Gen. No. 5,860.   (Not to be reported in full.)**

Appeal from the County Court of Lee county; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1913, Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Action by Daniel Donovan against John Ingoldsby to recover certain indebtedness which it was alleged defendant promised to pay in consideration of a conveyance of lands from the wife of the original debtor. On trial without a jury, plaintiff recovered a judgment for $261.50. From the judgment, defendant appeals.

HARRY EDWARDS, for appellant; DONALD A. CALLA-HAN, of counsel.

HENRY S. DIXON and GEORGE C. DIXON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 385*—*when recovery on agreement to pay indebtedness of another sustained by the evidence.* In an action to recover on a certain indebtedness which it was alleged that defendant agreed to pay on taking a conveyance of property from the wife of plaintiff's original debtor, the defense being that defendant did not promise to pay such indebtedness, *held* that a finding in favor of plaintiff was sustained by the evidence.

2. APPEAL AND ERROR, § 1487*—*when admission of incompetent evidence not ground for reversal.* Where an action at law is tried by a judge without a jury, the admission of incompetent evidence will not be ground for reversal if there is sufficient competent evidence to sustain the finding.

---

## Anna Weltz, Appellee, v. John R. Connell, Appellant.

### Gen. No. 5,863.

1. EXCHANGE OF PROPERTY, § 8*—*when refusal of requested instruction in action for misrepresentations reversible error.* In an action for fraud and deceit in an exchange of lands and for breach

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.